UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLTSTAR TECHNOLOGIES,<br><br>               Plaintiff,<br><br>   v.<br><br>MOTEK TEAM, INC., *d/b/a Prodigee*,<br><br>               Defendant. | Case No. 25-cv-01861-BAS-KSC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS BY CALIFORNIA SECRETARY OF STATE AND BY EMAIL (ECF No. 4)** |

For the reasons below, the Court **GRANTS IN PART** Plaintiff Voltstar Technologies, Inc.'s motion for alternative service of process by the California Secretary of State and by email. (ECF No. 4.) The Court further **GRANTS** Plaintiff's request for an extension of time under Federal Rule of Civil Procedure 4(m). Service upon Defendant must be completed no later than **November 28, 2025**.

- 1 -

25cv1861

## I. BACKGROUND

On July 22, 2025, Plaintiff filed a complaint against Defendant Motek Team alleging a cause of action for patent infringement for its charger plug. (ECF No. 2.) A summons was issued on the same day. (ECF No. 3.)

Plaintiff hired a process server to attempt to serve Defendant at the address for registered agent Alexandra Ariel Shalom listed with the California Secretary of State. (ECF No. 4 at 4:27–28.) The process server made five failed service attempts at the registered agent's address on July 28, August 6, August 9, August 12, and August 16, 2025. (*Id*. at 4:24–5:3.) The process server then made one failed attempt on August 20, 2025, to serve Defendant at 7343 Ronson Rd, Suite M, San Diego, CA 92111 which was listed as Motek's principal place of business on its website. (*Id*. at 5:7–8; ECF No. 4-1 ¶ 10.) On August 22, 2025, the process server made one attempt to serve Defendant at another address listed on its website as part of its contact information, at 7292 Opportunity Rd, Suite E, San Diego, CA 92111. (ECF No. 4-1 ¶ 12.) On August 25, 2025, Plaintiff attempted to serve Defendant via email address at sales@iamprodigee.com, which were allegedly successfully delivered but never opened. (ECF Nos. 4 at 5:25–28, 4-1 ¶ 14.)

On October 20, 2025, Plaintiff filed a motion for alternate service of process and additional time to serve summons and complaint. (ECF No. 4.) No opposition or reply has been filed. The Court now considers the requests made in that motion.

## II. LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co*., 484 U.S. 97, 104 (1987). Under Rule 4, individuals and corporations may be served in a manner that follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Rule 4 is intended "to provide maximum freedom and flexibility in the procedures for giving all defendants ... notice of commencement of the action and to eliminate unnecessary technicality in

connection with service of process." *See Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992). As this Court is located in California, it may authorize service of process in conformity with California law.

### III. ANALYSIS

#### A. California Secretary of State

California Corporations Code §§ 1702 and 17701.16 provide that the Court may order service to be made upon a corporation by hand delivery to the Secretary of State, if an affidavit shows that "the designated agent cannot with reasonable diligence be found at the address designated for personal delivery of the process" in the manner provided in California Code of Civil Procedure §§ 415.10, 415.20(a) or 415.30(a). *See* Cal. Corp. Code §§ 17701.16(c), 1702(a).

To determine whether a plaintiff has attempted service with reasonable diligence, the Court must ask "whether the plaintiff took the steps a reasonable person who truly desired to give notice of the action would have taken under the circumstances." *Rios v. Singh*, 65 Cal. App. 5th 871, 880-81, 280 Cal. Rptr. 3d 404 (2021) (citing *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332, 150 Cal. Rptr. 855 (1978)). "Reasonable diligence is determined by the circumstances; there is 'no single formula' that constitutes diligence." *Gnathonic LLC v. Dingman*, CV 19-01502-VAP (SSx), 2019 WL 13166751, at *3 (C.D. Cal. Oct. 2, 2019) (quoting *Donel*, 87 Cal. App. 3d at 333); *see also Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5, 42 Cal. Rptr. 2d 81, 896 P.2d 807 (1995) ("The term 'reasonable diligence' ... denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.") (internal quotations omitted).

First, Cal. Proc. Code § 415.10(a) allows service by "personal delivery ... to the person to be served", and section 416.10(a) allows service on a corporation through its agent. Cal. Civ. Proc. Code §§ 415.10(a), 416.10(a). Ordinarily, "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Trackman v. Kenney*, 187 Cal. App. 4th 175, 185, 114 Cal. Rptr. 3d 619 (2010) (quoting *Espindola v. Nunez*, 199 Cal. App. 3d

1389, 1392 (1988)).  Here, Plaintiff has alleged five failed service attempts to Defendant's agent.  (ECF No. 4 at 4:24–5:3.)  Accordingly, the Court concludes Plaintiff have demonstrated that process cannot be accomplished with reasonable diligence by personal delivery to the designated agent, at the principal or mailing address of Defendant.

Second, Cal. Proc. Code § 415.20(a) allows substitute service by leaving a copy of the complaint and summons at the office or home address of the person to be served "with the person who is apparently in charge thereof" and subsequently mailing the documents to the person to be served at the same address where the documents were left.  Cal. Civ. Proc. Code § 415.20(a).  As detailed above (*supra* § I), Plaintiff attempted service on multiple occasions at the principal address for Defendant registered with the California secretary of state, and other addresses listed as contact information on the U.S. Patent and Trade Office's and Defendant's website.  (ECF Nos. 4 at 5:7–8, 4-1 ¶¶ 10, 12.)  The addresses appeared to be "closed up," "locked and closed," "vacant," or to be housing another business altogether.  (ECF No. 4-1 ¶¶ 8, 11–12.)  The Court is therefore satisfied that service under California Procedure Code § 415.20(a) could not be accomplished through reasonable diligence in light of Plaintiff's failure to locate "a person who is apparently in charge" at the entities' principal or mailing address.

Third, Cal. Proc. Code § 415.30(a) allows service by mail with a return envelope, postage prepaid. Cal. Civ. Proc. Code § 415.30(a).  Here, it does not appear that Plaintiff attempted service by mail.  However, through Plaintiff's personal service attempts, it is clear that Defendant is not active at any of the addresses Plaintiff has identified—so sending mail to those addresses would be futile.  Thus, the Court is similarly satisfied that service under § 415.30(a) could not be accomplished with reasonable diligence.  *See e.g., Richter v. KRG Trading, Inc.*, No. CV 24-03622-MWF (SKX), 2025 WL 819041, at *4 (C.D. Cal. Jan. 30, 2025) (finding reasonable diligence where "the principal address associated with [defendants] is same as the listed mailing address" and plaintiff had attempted personal service).

For the reasons above, the Court finds that Plaintiff has exhibited "reasonable diligence" in its past attempts to serve Defendant to warrant hand delivery to the Secretary of State under Cal. Corp. Code § 17701.16(c) and Cal. Corp. Code § 1702(a). The Court thus, **GRANTS** alternative service of process via hand delivery to the Secretary of State.

### B. Electronic Service via Email

California Code of Civil Procedure § 413.30, as recently amended, states:

> (a)(1) If no provision is made in this chapter or other law for the service of summons, or if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter, the court in which the action is pending may, upon motion, direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology, and that proof of such service be made as prescribed by the court.

Cal. Civ. Proc. Code § 413.30.

"Methods authorized" under Chapter 4 of the California Code of Civil Procedure, as referenced in Cal. Civ. Proc. Code § 413.30, include the same ones discussed above. *See* Cal. Civ. Code §§ 415.10(a), 415.20(a), and 415.30(a). Though Plaintiff has "exercise[ed] reasonable diligence" to serve Defendant as discussed above, it is unclear that service via electronic mail will be "reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30. Other district courts in California have held that Section 413.30 comports with due process, which similarly requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *LawRank LLC v. LawRankSEO.com*, No. 21-CV-04515-HSG, 2021 WL 4461592, at *1 (N.D. Cal. Sept. 29, 2021) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) and *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)).

Here, Plaintiff alleges that Defendant is associated with the email address sales@iamprodigee.com, and that Defendant's last known trademark counsel can be

reached at processing@icaplaw.com, vlin@icaplaw.com and kmeier@icaplaw.com. (ECF No. 4 at 5:26, 6:23–7:11).  Notably, Plaintiff does not specify the method through which Plaintiff located the aforementioned email addresses.  (*Id*.)  Plaintiff also alleges that its emails enclosing copies of the summons, complaint, notice, and waiver of summons to the aforementioned emails addresses were "delivered successfully" on August 25, 2025. (ECF No. 4 ¶¶ 8–9.)

Though Plaintiff has not received any "bounce back" emails, Plaintiff has not received any confirmation that Defendant has received their emails either.  *See Creative Intellects v. Haygood,* No. 221CV02670RGKAFM, 2021 WL 3568237, at *3 (C.D. Cal. July 23, 2021) (finding email service reasonably calculated where the plaintiff did not receive any bounce-back email *and* where the defendant admitted to receiving the email over a phone call with the plaintiff's counsel); *see also LawRank LLC v. LawRankSEO.com*, No. 21-CV-04515-HSG, 2021 WL 4461592, at *2 (N.D. Cal. Sept. 29, 2021) (Denying service by email where the plaintiff did not receive any response, including a bounce-back email).  Proof that emails were merely delivered successfully does not also mean the email addresses Plaintiff identified are still active, that they are associated with Defendant, or that Defendant has access to the email messages Plaintiff sent.  *See Sec. & Exch. Comm'n v. CoinW6*, No. 2:24-CV-07924-ODW (ASX), 2025 WL 1191570, at *6 (C.D. Cal. Mar. 26, 2025) ("Even if RPost confirms that the email was successfully delivered to the [defendant's] email addresses, RPost does not verify whether [the defendant] continues to maintain and access the email addresses").

Further, Plaintiff has not verified that the email addresses it listed in its motion are active, or explained how it located those email addresses.  Courts within this district have previously held that email addresses of former attorneys obtained from a prior certificate of service in the same action and email addresses from the contact page on defendants' websites are "reasonably calculated" to give plaintiff notice.  *See e.g., Sihler v. Fulfillment Lab, Inc.*, No. 20CV1528-LL-MSB, 2022 WL 20286296, at *3 (S.D. Cal. July 18, 2022) (finding email service reasonably calculated where "Plaintiff obtained Mr. James's email

address from a certificate of service filed in March 2022 by his former attorney in this action"); *Beqa Lagoon Support Servs. v. Hasselman*, No. 20-CV-968 JLS (AHG), 2020 WL 6271032, at *1 (S.D. Cal. Oct. 26, 2020) (finding email service reasonably calculated where "[t]he email address, imse1@aol.com, is listed on IMSE's website under 'Contact Us' ").

The Court understands Plaintiff's concern that Defendant may be evading service, and that Defendant may have "improper and inaccurate business registration" with the Secretary of State (ECF No. 4 at 7:1), but Plaintiff has not yet attempted to serve Defendant through hand delivery to the Secretary of State and has not proven that the email addresses it listed are "reasonably calculated" to provide Defendant notice of this action comporting with due process requirements. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request for alternative service of process through email.

### B.   Additional Time to Serve under Rule 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure provides that if the defendant is not served within ninety days after the complaint is filed, the court must dismiss the action against the defendant or order that service be made within a specific time. In the present action, Plaintiff needed to have served Defendant by October 20, 2025. However, given Plaintiff's diligent attempts to serve Defendant, the Court **GRANTS** Plaintiff's request for an extension of time. Service upon Defendant must be completed no later than **November 28, 2025**.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's motion for alternative service of process (ECF No. 4). The Court **GRANTS** Plaintiff's request to serve Defendant through hand delivery to the California Secretary of State. However, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for alternative service through email at this time. If after a good faith effort Plaintiff remains unable to serve Defendant through hand delivery to the Secretary of State or through traditional means of service, Plaintiff may refile its motion to serve Defendant by an alternative method.

The Court further **GRANTS** Plaintiff's request for an extension of time. Service upon Defendant must be completed no later than **November 28, 2025**.

**IT IS SO ORDERED.**

**DATED: November 7, 2025**

*(signature)*
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**